IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARY KASAL and GEORGE KASAL,

        Plaintiffs,

v.                                       Case No. 17-CV-1001

STRYKER CORPORATION,
AA INSURANCE COMPANY,
MILES W. GREEN, BB INSURANCE
COMPANY, SENTRY INSURANCE
A MUTUAL COMPANY, and
AURORA HEALTH CARE METRO, INC.,

        Defendants.

---

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT defendant Stryker Corporation ("Stryker"), by its counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of its removal of this action from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In support of this Notice of Removal, Stryker states as follows:

    1.    On May 12, 2017, plaintiffs Mary Kasal and George Kasal ("plaintiffs" or the "Kasals") commenced a civil action in Milwaukee County Circuit Court, captioned *Kasal, et al. v. Stryker Corp., et al.*, No. 17-cv-3967 (the "State Action").

    2.    A copy of the Summons and Complaint served on Stryker in the State Action (the "complaint") is attached to this Notice of Removal as **Exhibit A**.

    3.    A copy of the other process, pleadings, or orders filed in the State Action is attached to this Notice of Removal as **Exhibit B**.

4. This lawsuit alleges that plaintiff Mary Kasal, an employee of defendant Aurora Health Care Metro, Inc. ("Aurora"), was injured on May 11, 2016, when a caster failed at the base of "a piece of equipment called a Navigator," causing it to tip. The Navigator was manufactured by Stryker. Compl. ¶¶ 8–9.

## DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 due to complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs.

6. Plaintiffs are citizens of the state of Wisconsin. *See* Compl. ¶ 1.

7. Defendant Stryker Corporation is a foreign corporation organized under the laws of the state of Michigan, with its principal place of business located at 2825 Airview Boulevard, Kalamazoo, Michigan 49002. *See* Compl. ¶ 2. It is therefore a citizen of the state of Michigan.

8. The remaining defendants should be disregarded for purposes of diversity jurisdiction, because they have been fraudulently joined, *see infra* ¶¶ 12–23, are fictional parties, ¶¶ 24–26, or should be realigned as plaintiffs due to their subrogation interest, ¶¶ 27–33.

9. Accordingly, there is complete diversity of citizenship among the parties.

10. Although the Complaint does not quantify the amount of damages sought, the Kasals claim to have suffered economic losses well in excess of $75,000. Plaintiffs allege that, "[a]s a result of the incident, Mary Kasal was caused to suffer personal injuries; loss of wages and earning capacity; and incur medical, hospital, and related expenses," and that "[h]er injuries are permanent in nature." Compl. ¶ 10. They further allege that "her husband George Kasal suffered a loss of society, services, and companionship of his wife Mary." *Id.* ¶ 11. The complaint seeks a money judgment including compensatory damages in sums to be deemed fair

and reasonable by the trier of fact, and for the costs, disbursements, and attorneys' fees of this action. This means the amount in controversy exceeds $75,000, satisfying the requirement of 28 U.S.C. § 1332(a).

11. Stryker may therefore remove this matter under 28 U.S.C. § 1441 based on diversity jurisdiction.

## Miles Green Was Fraudulently Joined

12. Defendant Miles W. Green ("Green") is a citizen of the state of Wisconsin. *See* Compl. ¶ 4.

13. Plaintiffs bring only one cause of action, for negligence, against Green. *See* Compl. ¶¶ 13–14.

14. The complaint alleges that "Mr. Green performed and oversaw service and maintenance of Stryker machinery at Aurora Health Care / St. Luke's Hospital." *See* Compl. ¶ 4. No other factual allegations concerning Green's liability appear in the complaint.

15. In reality, Green has never played any role with respect to the service and maintenance of the Navigator at Aurora. *See* **Exhibit C**, Decl. of Miles Green ("Green Decl.") ¶ 4. Green served as a sales representative for Stryker from 2012 through 2016; he is not currently employed by the company. *Id.* ¶ 2. In his capacity as sales representative, Green was not responsible for any service, repair, or maintenance of any Stryker equipment, including the Navigator. *Id.* ¶ 4. Rather, he interfaced with hospital and medical personnel on Stryker's behalf to sell and rent equipment, and he supported surgeons and their staff in using Stryker equipment during a case. *Id.* ¶ 3. Green never serviced the Navigator, nor was he responsible for ensuring that the Navigator was properly maintained. *Id.* ¶¶ 4–5.

16. "A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). Under the "fraudulent joinder" doctrine, a district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.*

17. "Fraudulent joinder," a "term of art," refers to "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives" for joining the defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Joinder of an in-state defendant "is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (quoting *Poulos*, 959 F.2d at 73). A defendant must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73. Although a defendant "bears a heavy burden to establish fraudulent joinder, it need not negate any possible theory that [the plaintiff] might allege in the future: only his present allegations count." *Id.* at 74.

18. The complaint alleges only that Green is liable in negligence, and the only facts pled about Green are that he "performed and oversaw service and maintenance of Stryker machinery at Aurora Health Care / St. Luke's Hospital." Compl. ¶ 4. Green's declaration establishes, however, that he played no role with respect to service and maintenance of Stryker machinery. *See* Green Decl. ¶¶ 4–5.

4

19. In *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654–55 (7th Cir. 1992), the Seventh Circuit found a defendant to have been fraudulently joined under these precise circumstances. The in-state plaintiff, allegedly injured on the job by a machine, sued the out-of-state manufacturer in strict liability and an in-state repairman for negligence. The manufacturer removed to federal court, alleging "that the plaintiff had fraudulently joined" the repairman "solely to defeat diversity jurisdiction." *Id.* at 654. The Seventh Circuit concluded that the district court, which denied a remand motion, "correctly asserted jurisdiction over this case." *Id.* at 655. The repairman's "uncontradicted affidavit, essentially stating that he has had absolutely nothing to do with" the equipment in question, was "sufficient to establish fraudulent joinder," the Seventh Circuit held. *Id.*

20. Like the repairman in *Faucett*, Green is an in-state defendant, sued in negligence based on the alleged failure of a product over which he had no responsibility. As in *Faucett*, Green's uncontradicted declaration is sufficient to establish fraudulent joinder.

21. Even if the allegations of the complaint were accepted as true (despite Green's declaration to the contrary), the complaint still does not state a plausible claim for relief against Green. When assessing whether a defendant was fraudulently joined, "the Court must analyze whether the claim against [the defendant] raises the right to relief above the speculative level." *Wilkinson v. State Farm Fire & Cas. Co.*, No. 12-C-1187, 2015 WL 113299, at *1 (E.D. Wis. Jan. 8, 2015).

22. A conclusory allegation that Green "performed and oversaw service and maintenance of Stryker machinery" at the hospital does not support a claim of negligence against Green and does not raise the right to relief above the speculative level.

23. Because Green has been fraudulently joined, the Court should "disregard, for jurisdictional purposes," his citizenship and dismiss him from this action. *Schur*, 577 F.3d at 763.

**AA and BB Insurance Companies Are Fictional Defendants and Are Ignored**

24. The complaint names two fictional defendants, AA Insurance Company and BB Insurance Company, as the general liability insurers of Stryker and Green. *See* Compl. ¶¶ 3, 5.

25. The presence of fictional defendants cannot destroy diversity. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Peterson v. Great Dane Ltd. P'ship*, No. 07-C-103-C, 2007 WL 5515310, at *1 (W.D. Wis. Oct. 15, 2007) ("At the time of removal, the citizenship of defendants sued under fictitious names are disregarded."); *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("[N]aming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs").

26. The citizenship of AA Insurance Company and BB Insurance Company is therefore to be ignored for purposes of diversity jurisdiction.

**Sentry and Aurora Have Subrogated Interests and Are Realigned as Plaintiffs**

27. Defendant Sentry Insurance A Mutual Company ("Sentry") is a domestic insurance corporation with its principal place of business at 1800 N. Point Drive, Stevens Point, Wisconsin. Compl. ¶ 6. As such, it is a citizen of the state of Wisconsin.

28. Aurora is a domestic corporation with its principal place of business in Milwaukee. Compl. ¶ 7. As such, Aurora is a citizen of the state of Wisconsin.

6

29. Sentry and Aurora are named as defendants only with respect to their subrogation interest. Plaintiffs allege that "Mary Kasal was an employee of Aurora . . . insured under the worker's compensation statutes by Sentry, that paid benefits to and on behalf of Mary Kasal. As such, Sentry may be entitled to share in the proceeds of any recovery pursuant to Wis. Stat. § 102.29." Compl. ¶ 21.

30. Sentry and Aurora are named only in the third cause of action, which asserts only that their "subrogation interests should be foreclosed in equity and in law" due to their "failure to cooperate." Compl. ¶ 24. Plaintiffs do not otherwise plead any claim against Sentry and Aurora, and do not seek any relief from them.

31. As this Court has previously held, the fact that a subrogated party has been named as a defendant does not defeat diversity jurisdiction. *See Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928, 933-34 (E.D. Wis. 2006) (citing *Harvey v. Marriott Corp.*, 680 F. Supp. 1289, 1290 (E.D. Wis. 1988)); *Vandervest v. Wis. Cent. Ltd.*, 936 F. Supp. 601, 605 (E.D. Wis. 1996) ("Where plaintiff's insurer was named as a defendant solely to protect its subrogated interest in plaintiff's action and no claim for relief was asserted against the insurer, the citizenship of the insurer was not considered by the court for purposes of determining the existence of complete diversity."). "Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents." *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981).

32. As in *Lampe*, this Court should realign Sentry and Aurora to be plaintiffs, reflecting the true relationship among the parties, because there is no "actual, substantial controversy" between plaintiffs and Aurora or Sentry. *See Am. Motorists Ins. Co.*, 657 F.2d at 149*; see also Eichmann v. Hunter Automated Mach.*, 167 F. Supp. 2d 1070, 1072 (E.D. Wis.

7

2001) (disregarding a nominal defendant for purposes of evaluating diversity jurisdiction); *Frahm v. Marshfield Clinic*, No. 07-C-364, 2007 WL 3287841 at *2 (W.D. Wis. Nov. 7, 2007) (realigning subrogated health insurers to be plaintiffs).

33. When realigned as plaintiffs, Sentry and Aurora—as citizens of Wisconsin—do not defeat diversity with defendant Stryker, which is a citizen of Michigan.

### No Consent to Removal from Any Other Defendant Is Necessary

34. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "[U]nder the removal statute it is a removing defendant's burden to explain why his codefendants have not joined the notice of removal." *Andreshak v. Serv. Heat Treating, Inc.*, 439 F. Supp. 2d 898, 901 (E.D. Wis. 2006).

35. The rule "that removal generally requires unanimity among the defendants . . . may be disregarded . . . where a defendant has been fraudulently joined." *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 & n.4 (3d Cir. 1995). Green need not consent to removal, because he has been fraudulently joined.

36. Fictional defendants AA Insurance Company and BB Insurance Company are ignored for purposes of diversity jurisdiction, and in any event have not "been properly joined and served." 28 U.S.C. § 1446(b)(2)(A). As a result, they need not consent to removal.

37. Sentry and Aurora, once realigned as plaintiffs, are not "defendants who . . . must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

### PROCEDURAL REQUIREMENTS

38. The Summons and Complaint were served on Stryker Corporation on June 19, 2017. This Notice of Removal is therefore timely filed within thirty days of service of the

Summons and Complaint.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1); and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

39. This Court is the United States District Court for the district embracing the place where the State Action is currently pending.

40. Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Milwaukee County Circuit Court. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit D**.

41. Undersigned counsel certifies that true and correct copies of this Notice of Removal with accompanying exhibits along with the Notice of Filing Notice of Removal will be promptly served on counsel for all other parties.

42. Stryker reserves the right to amend or supplement this Notice of Removal and to submit additional evidence in support should plaintiffs move to remand.

43. By this Notice of Removal, Stryker does not waive any rights, defenses, claims, or arguments relating to the Action.

WHEREFORE, Stryker hereby removes the above-captioned action from the Circuit Court of Milwaukee County, Wisconsin to the United States District Court for the Eastern District of Wisconsin.

Dated this 19th day of July, 2017.

    *s/ Dustin B. Brown*

**GODFREY & KAHN, S.C.**

Josh Johanningmeier (SBN 1041135)
jjohanni@gklaw.com
Dustin B. Brown (SBN 1086277)
dbrown@gklaw.com
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609

***Attorneys for Defendant Stryker Corporation***

17366443.1

10

Case 2:17-cv-01001-JPS   Filed 07/19/17   Page 10 of 10   Document 1